UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALLEN FONG,<br>Defendant. | Case No. 14-cr-00527-RS<br><br>**ORDER GRANTING MOTION FOR FORFEITURE** |

In June of 2016, defendant Allen Fong entered an open guilty plea to all thirty-two counts of the indictment in this matter. *See* Dkt. Nos. 190 and 208. Thereafter, in February of 2017, judgment was entered against Fong, which included a forfeiture money judgment of $5,269,698. *See* Docket Nos. 273- 74.

The Ninth Circuit subsequently vacated the forfeiture order, and remanded for further consideration in light of *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). See Dkt. No. 457. The Government then filed an application for an Amended Preliminary Order of Forfeiture, seeking a forfeiture money judgment in the amount of $1,756,566, which the court approved. The parties, however, then stipulated to set aside that order and to have the issue briefed and heard.

Upon full consideration of the parties' briefing and arguments at the hearing, the Government's application for a forfeiture money judgment in the amount of $1,756,566 will be granted. *Honeycutt* stands for the proposition that "joint and several liability" does not apply to

forfeiture. Rather, the government may "confiscate assets only from the defendant who initially acquired the property and who bears responsibility for its dissipation." 137 S. Ct. at 1634. The *Honeycutt* court offered the following hypothetical:

> Suppose a farmer masterminds a scheme to grow, harvest, and distribute marijuana on local college campuses. The mastermind recruits a college student to deliver packages and pays the student $300 each month from the distribution proceeds for his services. In one year, the mastermind earns $3 million. The student, meanwhile, earns $3,600. If joint and several liability applied, the student would face a forfeiture judgment for the entire amount of the conspiracy's proceeds: $3 million. The student would be bound by that judgment even though he never personally acquired any proceeds beyond the $3,600.

*Id.* at 1631–32.

Although *Honeycutt* makes clear that the college student of the hypothetical cannot be held jointly and severally liable under the forfeiture laws for the entire $3 million, it does not specifically address whether the "mastermind" could reduce his or her liability by the $3600 paid out to the student. Thus, the parties' respective arguments as to the applicability of *Honeycutt* in this case fall short of supporting any particular result. There certainly can be no dispute that Fong is not jointly and severally liable for forfeiture of all proceeds of the scheme, without regard to what he personally received. The issue remains, however, as to what must be shown to support a particular amount of a forfeiture order.

The government's request for a forfeiture order in the amount of $1,756,566 is based on evidence that Fong received one-third of the proceeds from each "sex appointment." The sum therefore represents one-third of the total proceeds found to have been acquired from the scheme, a dollar figure Fong does not challenge. The amended forfeiture application conforms to Fong's contention that "courts across the country" have "drastically reduc[ed] forfeiture orders post *Honeycutt*." Fong nonetheless contends that the government's present request remains excessive because, he contends, the bulk of the funds not retained by the prostitutes was paid out in various expenses and/or to other conspirators, both indicted and unindicted.

Fong's insistence that *Honeycutt* requires the government to do more than it has to

CASE NO. 14-cr-00527-RS-1

2

establish the forfeiture amount is not persuasive. *Honeycutt* precludes joint and several liability, but does not otherwise set any particular standards for how a defendant's actual receipt of funds must be shown. The holding is merely that forfeiture is "limited to property the defendant himself actually acquired as the result of the crime." 137 S. Ct. at 1635. Here, the government has made an adequate showing that it is appropriate to charge Fong with receipt of one-third of the proceeds from the criminal enterprise. The amended forfeiture motion is granted.

**IT IS SO ORDERED**.

Dated: July 17, 2019

_____
RICHARD SEEBORG
United States District Judge